UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOSVANY PADILLA (A-Number: 077-842-625),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-7343-DAD-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Yosvany Padilla was ordered removed from the United States on September 8, 2026. He is in ICE custody pending removal. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the law. For the following reasons, I recommend that the petition be denied without prejudice.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.

28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner was detained by ICE starting on November 26, 2025, for removal proceedings in immigration court. ECF No. 6 at 39. On September 8, 2026, the immigration court ordered petitioner removed. ECF No. 6 at 52. Petitioner waived appeal, making his removal order final on that day. *Id.* The immigration court noted that petitioner "requested to be deported." *Id.* He "withdrew his pending applications on the record and indicated he was waiving appeal in favor of going back to Cuba as quickly as possible. Cuba was listed as an alternate country of removal, but we switched it to the primary (and only listed) country of removal with consent of both parties." *Id.* Petitioner is in ICE custody while it works to effectuate his removal to Cuba.

Petitioner signed his habeas petition on September 4, 2026, *see* ECF No. 1 at 6, though it was filed by the court on September 11, 2026, three days after the entry of the removal order. ECF No. 1. Petitioner claims that his detention is prolonged and that there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 1 at 3.

Petitioner was detained by ICE on November 26, 2025, pursuant to 8 U.S.C. § 1226(c), which permits the mandatory detention of immigrants with aggravated felonies during the pendency of immigration court proceedings. *See* ECF No. 6 at 43. The issuance of a final removal order on September 8, 2026, shifted the authority for petitioner's detention to 8 U.S.C. § 1231(a)(2), which allows for a mandatory detention period of 90-days for ICE to remove petitioner pursuant to that order. *See* 8 U.S.C. § 1231(a)(1)(A). Petitioner is still well within that 90-day period. Accordingly, I recommend that the petition be denied without prejudice.[1]

---

[1] Respondent has filed its answer to the petition as a motion to dismiss. ECF No. 6. As I recommend denying the petitioner on the merits because of the final order of removal, I recommend denying the motion to dismiss as moot.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED without prejudice. It is the court's intention that petitioner be lawfully removed as soon as practicable. If petitioner is not removed within the 90-day statutory period provided by 8 U.S.C. § 1231(a)(1)(A), nothing in this order should be construed as prohibiting petitioner from filing a new petition challenging his prolonged detention and addressing whether removal is reasonably foreseeable.

2. Respondent's motion to dismiss, ECF No. 6, be DENIED as moot.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE